IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DINO BRADLEY,** | ) |
| | ) |
|         **Petitioner,** | ) |
| | ) |
| vs. | )    **CIVIL NO. 06-077-JPG** |
| | ) |
| **SARA REVELLE,** | ) |
| | ) |
|         **Respondent.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 322-month sentence imposed in 1994 in the Central District of California. *See United States v. Miller, et al.*, Case No. 93-cr-907 (C.D. Cal., filed Oct. 15, 1993). He seeks leave to proceed *in forma pauperis*, and he asks for an emergency hearing in this matter.

    This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner argues that his sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (U.S. Jan. 12, 2005). However, the Seventh Circuit has held that these rulings do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because Petitioner's conviction was final long before January 12, 2005, *Booker* and *Blakely* do not invalidate his sentence.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** without prejudice to Petitioner raising these issues in a future habeas corpus petition *if* the Supreme Court announces that *Booker* and *Blakely* are to be applied retroactively. All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**Dated: February 2, 2006**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**